

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**PHC INDUSTRIAL, LLC,**

    Plaintiff,

    v.                                     ACTION NO.:   4:19cv19

**RICHARD P. MONAHAN, et al.,**

    Defendants.

## ORDER

This matter comes before the court on the Plaintiff's Motion to Approve Consent Judgment ("Motion"), filed on November 25, 2019. ECF No. 47. The Motion includes a proposed Consent Judgment bearing the signatures of Defendant Richard Patrick Monahan, Defendant Kristin Monahan, and W. Richard Burns, CEO of PHC Industrial, LLC. ECF No. 47-1, Ex. A. The Consent Judgment also includes the signature of the "Owner" of Defendant Coast to Coast Consulting and Contracting, LLC. Id.

On October 31, 2019, the court held a final pretrial conference pursuant to its Rule 16(b) Scheduling Order of May 14, 2019. ECF No. 20. The final pretrial conference was attended by counsel for the Plaintiff, Defendant Richard Monahan, pro se, and Defendant Kristin Monahan, also pro se. ECF No. 38 at 1. Defendant Coast to Coast Consulting and Contracting, LLC ("Coast to Coast") did not attend the conference, and Richard Monahan said he had not

retained counsel for Coast to Coast. Id. On November 1, 2019, United States Magistrate Judge Robert J. Krask entered an Order to Show Cause, ordering Coast to Coast to show cause why a default should not be entered against it for failure to appear in the case and for failure to comply with the court's May 14, 2019, scheduling order. Id. The Order to Show Cause cited the longstanding rule that artificial entities such as Coast to Coast may only appear in federal court through licensed counsel and may not represent themselves. See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). Coast to Coast did not respond to the Order through counsel, and Judge Krask entered an Order for Entry of Default against Coast to Coast on November 13, 2019. ECF No. 43. The Order for Entry of Default directed the Clerk to enter default against Coast to Coast, and ordered the Plaintiff to file "either a motion for entry of a default judgment or a request for dismissal of any claims against Coast to Coast" by November 25, 2019.[1] Id. The Order for Entry of Default Judgment again cited the aforementioned rule from Rowland. On November 25, 2019, the deadline to file a motion for entry of default judgment or request for dismissal, the Plaintiff filed the instant Motion.

---

[1] A default judgment is not automatic when the court enters default. In this case, the Plaintiff "must apply to the court for a default judgment." FED. R. CIV. PRO. 55(b)(2).

As Judge Krask twice warned the parties, corporations and other artificial entities may not appear in federal court except through counsel. Rowland, 506 U.S. at 201-02. Courts have applied this rule to LLCs, as well as in the context of consent motions for entry of judgment. See Ashbaugh v. Corporation of Bolivar, 481 F. App'x. 840 (4th Cir. 2012) (applying the Rowland rule to an LLC that attempted to file a Notice of Appeal pro se); Trustees of Plumbers and Gasfitters Local 5 v. Conditioned Air System, Inc., No. DKC 10-2356, 2011 WL 221776 (D. Md. Jan. 21, 2011) (denying a consent motion for entry of judgment because the motion and proposed judgment were signed by the president of the defendant corporation, and not by counsel).

In this case, the proposed Consent Judgment includes the signatures of the Owner of Coast to Coast and the CEO of the Plaintiff, but it is not signed by counsel for either party. ECF No. 47-1, Ex. A. Although counsel for the Plaintiff did sign the Motion, it remains the case that Coast to Coast has not entered a valid appearance for purposes of the Motion or Consent Judgment, and therefore has not consented to the Consent Judgment through a licensed attorney. See Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland, 478 U.S. 501, 529 (1986) ("[P]arties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and a fortiori may not impose duties or obligations on a third party, without that

party's agreement."). Coast to Coast also has not moved for relief from the court's entry of default. At this stage, this court may enter a consent judgment against the individual defendants, and it may enter a default judgment against Coast to Coast, but it cannot enter a consent judgment against Coast to Coast if Coast to Coast has not registered its consent through counsel.

Accordingly, the Plaintiff's Motion, ECF No. 47, is **GRANTED**, with the following caveats: (1) counsel for the Plaintiff shall also endorse any proposed Judgment Order; (2) the proposed Judgment Order shall be revised to reflect judgment by consent as to the Monahan Defendants, and default judgment as to Coast to Coast;[2] and (3) all individuals currently endorsing the proposed Judgment Order shall continue to do so.

The parties have fourteen (14) days from the entry of this Order to file a revised proposed Judgment Order.

The Clerk is **DIRECTED** to forward a copy of this Order to counsel for the Plaintiff and to the Defendants.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

December 4, 2019

---

[2] The court notes that Coast to Coast received written notice of the application for judgment on November 25, 2019, more than seven days prior to entry of any Order. See FED. R. CIV. PRO. 55(b)(2). The court finds no hearing necessary here, given the circumstances of the case, involving both consent and default. See generally id.

4